UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VALERIE SOTO,<br><br>    Plaintiff(s),<br><br>  v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>    Defendant(s). | Case No. 2:16-CV-2063 JCM (NJK)<br><br>ORDER |

Presently before the court is Clark Country School District's ("defendant") motion to dismiss. (ECF No. 7). Valerie Soto ("plaintiff"), on behalf of herself and minor child YD, filed a response (ECF No. 10), to which defendant replied (ECF No. 13).

**I.   Facts**

This case involves plaintiff's settlement agreement with defendant related to a deficiency of accommodations made for her disabled daughter, YD, and her subsequent claim in federal court concerning the same issues addressed in the agreement.  *See* (ECF Nos. 1, 7-11).

Plaintiff's daughter, YD, has been diagnosed with autism spectrum disorder.  (ECF No. 1 at 5).  Thus, YD is "primarily nonverbal" and "demonstrates challenging behaviors, including self-injurious behavior, aggression, and tantrums."  (*Id.*).  YD is enrolled as a student within the defendant school system, and defendant's employees were aware of YD's disorder and that she required "reasonable accommodation of a Functional Behavior Analysis (FBA) and Behavior Intervention Plans (BIPs) to allow [her] meaningful access to education."  (*Id*. at 6).  There is no evidence that defendant completed an FBA, allegedly "a necessary step for an appropriate [BIP]."  (*Id.*).

**James C. Mahan**
**U.S. District Judge**

1    On October 29, 2014, without a BIP and "[a]s a consequence of [defendant's] inappropriate approach to YD's behaviors, [she] was allowed to kick herself up to 85 times during a tantrum and punch herself in the arms and neck, as well as bang her body into doors, walls, desks or anything hard" without any restraint by defendant's employees. (*Id*.).

"Despite repeated requests for [h]omebound [s]ervices" from January 6, 2015, to May 12, 2015; a physician's order that YD "remain home from school due to physical issues"; and after plaintiff "provided [defendant] with excuses from YD's physicians," defendant did not provide YD with any "[h]omebound [s]ervices." (*Id*. at 7). Plaintiff hired her daughter's own tutors while YD was away from school. (*Id*.).

On January 22, 2016, plaintiff filed for a due process hearing pursuant to the Individuals with Disabilities Education Act (the "IDEA"), regarding its "regulations against [defendant] concerning the failure to provide a Free Appropriate Public Education" ("FAPE") during the 2015–16 school year. (ECF No. 7-11 at 2).

On May 4, 2016, the parties stipulated to a settlement agreement in which defendant agreed, among other things, to conduct an FBA in order to "develop a [BIP] . . . develop a data collection plan, and ensure that all staff working with [YD] are familiar with the BIP and made aware how to implement the BIP." (*Id.* at 3). Additionally, plaintiff agreed to "withdraw the January 22, 2016 request for an impartial due process hearing, with prejudice, after the final execution of this Settlement Agreement." (*Id.* at 6). The settlement agreement was to "remain in effect until the agreed upon provisions [were] implemented or one year from the date of execution of [the] agreement, whichever [was] earlier." (*Id.*).

On August 31, 2016 plaintiff filed her complaint alleging that YD had been "deprived . . . of a program designed to meet her individual education needs as adequately as the needs of her peers without disabilities" in violation of 29 U.S.C. § 794 (section 504 of the Rehabilitation Act) and 42 U.S.C. § 12132 (title II of the Americans with Disabilities Act). (ECF No. 1 at 8). In the instant motion, defendant argues *inter alia* that plaintiff's complaint should be dismissed given "[p]laintiff's failure to exhaust administrative remedies by withdrawal and settlement of [p]laintiff's Section 504 and ADA claims." (ECF No. 7 at 2).

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

**James C. Mahan**
**U.S. District Judge**

- 3 -

>unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Defendant argues that plaintiff has not exhausted administrative remedies required through the IDEA because plaintiff withdrew her request for an impartial hearing in accordance with the settlement agreement. (ECF No. 7 at 3–4). This court agrees.

In accordance with the IDEA, parents of disabled children may "present a complaint[] with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." 20 U.S.C. § 1415(b)(6). Upon submitting the complaint, "the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1)(A).

Parents have access to "the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities," but if such relief is available under the IDEA, such relief "shall be exhausted to the same extent as would be required had the action been brought under" the IDEA. 20 U.S.C. § 1415(l).

Plaintiff acted pursuant to the IDEA. On behalf of YD, she filed a due process complaint with defendant on January 22, 2016, alleging that defendant did not provide an appropriate FAPE. (ECF No. 7-11 at 2). Rather than exhaust the administrative remedies through an impartial process hearing, plaintiff agreed, on May 4, 2016, to withdraw her request for a hearing in accordance with the settlement agreement. *See* (ECF No. 7-11 at ¶ 23).

Subsequently, plaintiff filed her complaint in this court, wherein she alleges that defendant violated YD's rights, pursuant to § 504 of the Rehabilitation Act and title II of the ADA, by:

i. denying YD the opportunity to participate in or benefit from the public education provided by [defendant];
ii. affording YD an opportunity to participate in or benefit from public education that is not equal to that afforded others;

**James C. Mahan**
**U.S. District Judge**

- 4 -

   iii. providing YD with public education that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others; and

   iv. otherwise limiting YD in the enjoyment of her right to public education in the same manner as others receiving the service.

(ECF No. 1 at 8). Further, plaintiff argues that she can file these claims in federal court because "the IDEA claims were exhausted" on May 4th, 2016, pursuant to the settlement agreement. (ECF No. 10 at 6).

However, the settlement agreement would simply "remain in effect until the agreed upon provisions [were] implemented or one year from the date of execution of [the] agreement, whichever [was] earlier." (ECF No. 7-11 at 6). Thus, because over a year has passed since the agreement's execution, whether its provisions were implemented or not, the agreement is no longer in effect. Accordingly, plaintiff may act pursuant to the IDEA and refile a request for an impartial hearing and if "aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency." 20 U.S.C. § 1415(g).

As mentioned, "[n]on-IDEA claims that do not seek relief available under the IDEA are not subject to the exhaustion requirement, even if they allege injuries that could conceivably have been redressed by the IDEA." *Payne v. Peninsula School Dist.*, 653 F.3d 863, 871 (9th Cir. 2011), *overruled in part by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). Thus, "the IDEA's exhaustion provision d[oes] not apply to plaintiffs who claim[] that school officials [have] inflicted physical and emotional abuse on their child." *Id.* at 873.

However, plaintiff's claims do not clearly assert physical or emotional abuse. In her complaint on behalf of YD, plaintiff purports that YD was "denied . . . the opportunity to participate in or benefit from the public education," which can be addressed pursuant to the IDEA. (ECF No. 1 at 8). The IDEA, in accordance with subsection (l), requires exhaustion:

> [W]hen a plaintiff seeks an IDEA remedy or its functional equivalent . . . where a plaintiff seeks prospective injunctive relief to alter . . . the educational placement of a disabled student . . . [and] where a plaintiff is seeking to enforce rights that arise as a result of a denial of a [FAPE].

*Payne*, 653 F.3d at 875.

In her complaint plaintiff seeks an IDEA remedy because she claims that "[defendant] . . . deprived YD of a program designed to meet her individual educational needs as adequately as the

**James C. Mahan**
**U.S. District Judge**

- 5 -

needs of her peers without disabilities [were] met" and asks that the court "enter such . . . equitable and legal relief that is warranted and just." (ECF No. 1 at 8, 10). Accordingly, plaintiff's claims must exhaust the IDEA's administrative remedies for the reason that:

> [T]he exhaustion provision is designed to allow[] for the exercise of discretion and educational expertise by the state and local agencies, afford[] full exploration of technical educational issues, further[] development of a complete factual record, and promote[] judicial efficiency by giving agencies the first opportunity to correct shortcomings in their educational programs for disabled children.

*Payne*, 653 F.3d at 875–76 (citations and internal quotation marks omitted).

## IV. Conclusion

In sum, defendant's motion to dismiss will be granted, without prejudice, as to plaintiff's claim seeking relief pursuant to section 504 of the Rehabilitation Act and title II of the ADA.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED, without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED July 26, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**